IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| THE CITY OF HAMMOND, ) | |
| THE STATE OF LOUISIANA, through ) | |
| the DEPARTMENT OF ) | |
| ENVIRONMENTAL QUALITY, ) | |
| THE STATE OF INDIANA, and ) | |
| THE PEOPLE OF THE STATE OF ) | |
| CALIFORNIA, by and through the ) | |
| BAY AREA AIR QUALITY ) | |
| MANAGEMENT DISTRICT, ) | |
| ) | |
| Plaintiff-Intervenors, ) | |
| ) | |
| vs. ) | Civil Action No. 2:07CV134WL |
| ) | |
| RHODIA INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THE CITY OF HAMMOND'S COMPLAINT IN INTERVENTION**

The City of Hammond, by the undersigned attorney, acting at the request of the Hammond Department of Environmental Management ("HDEM"), hereby files its Complaint in Intervention in the above-captioned cause and alleges:

**NATURE OF ACTION**

1. The United States of America, by the authority of the Attorney General of the United States, acting at the request of the Administrator of the United States Environmental Protection Agency (EPA), filed with this Court its Complaint. This is a civil action brought

against Rhodia Inc. (Rhodia or Defendant) pursuant to Section 113(b) of the Clean Air Act (the Act), 42 U.S.C. § 7413, for injunctive relief and civil penalties for violations at Rhodia's eight sulfuric acid plants nationwide of Part C of Title I of the Act, 42 U.S.C. §§ 7470-7492, the Prevention of Significant Deterioration (PSD) provisions of the Act; Part D of Title I of the Act 42 U.S.C. §§ 7501-7515, the non-attainment New Source Review (nonattainment NSR) provisions of the Act; certain New Source Performance Standards (NSPS) promulgated under Section 111 of the Act, 42 U.S.C. § 7411; the Title V Permit requirements of the Act, 42 U.S.C. § 7661; and the federally enforceable State Implementation Plans (SIPs) for Indiana, Louisiana, Texas and California approved by EPA pursuant to Section 110 of the Act, 42 U.S.C. § 7410, which incorporate and/or implement the above-listed federal requirements.  Hammond Ordinance No. 3838 incorporates all regulations established by the Indiana Air Pollution Control Board as minimum standards, therefore, the City of Hammond asserts that each of the aforementioned violations of Indiana's rules implementing the CAA are also violations of Hammond Ordinance No. 3838.   Specifically, Rhodia constructed, modified, and/or reconstructed its eight sulfuric acid plants.  Following such construction, modification and/or reconstruction, Rhodia operated its sulfuric acid plants without first obtaining appropriate permits authorizing the construction, modification and/or reconstruction and subsequent operation of the plants; failed to install and employ the best available control technology or attain the lowest achievable emission rate to control emissions of sulfur dioxide ($SO_2$) and acid mist as the Act, the applicable federal regulations and the SIPs require; and failed to comply with the applicable New Source Performance Standards.

2. HDEM, is charged with the administration and enforcement of the requirements of the CAA in and for the State of Indiana in the City of Hammond by virtue of a contract

entered into January 27, 2006. On behalf of HDEM, the City of Hammond has filed its Motion to Intervene, to which this Complaint in Intervention is attached, with regard to alleged violations of the CAA and claims for relief against Defendant Rhodia for Operation of its sulfuric acid plant located in Hammond, Indiana.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the subject matter of this action pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), and pursuant to 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in this District pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b) and 1395(a), because some of the violations which constitute the basis of this Complaint occurred in this District at one of Rhodia's sulfuric acid plants. In addition, upon information and belief, the City of Hammond understands that the Defendant agrees to venue in this Court.

## THE DEFENDANT

5. Rhodia is the North American unit of Rhodia SA, a specialty chemical company. Rhodia is a Delaware corporation which owns and operates eight sulfuric acid production units at six sulfuric acid plants. Rhodia is a "person" within the meaning of Section 302(e) of the Act, 42 U.S.C. § 7602(e).

6. At all times relevant to this Complaint, Rhodia owned and operated the following sulfuric acid production units: Baytown, Texas; Baton Rouge #1 and #2, Louisiana; Dominguez, California; Hammond, Indiana; Houston, Texas #2 and #8; and Martinez, California..

## STATUTORY AND REGULATORY

7. The City of Hammond hereby adopts Plaintiff's description of the requirements of the CAA from Plaintiff's Complaint, ¶¶ 8-62.

## GENERAL ALLEGATIONS

8. The allegations in Paragraphs 1 through 7 are hereby re-alleged and incorporated by reference as if fully set forth herein.

9. At all times relevant to its Complaint, EPA alleges Rhodia owned and operated the following sulfuric acid plants: Baton Rouge #1 and #2, Louisiana; Baytown, Texas; Dominguez, California; Hammond, Indiana; Houston #2 and #8, Texas; and Martinez, California ("the Plants").

10. At the Plants, EPA alleges Rhodia produces sulfuric acid using the contact process in which elemental sulfur or spent sulfuric acid is burned to form sulfur dioxide, which is then converted to sulfur trioxide and then finally converted to sulfuric acid.

11. At all times relevant to its Complaint, EPA alleges there were emissions of $SO_2$ and acid mist from the Plants.

12. EPA alleges it conducted investigations of one or more of Rhodia's Plants, which included site inspections, review of permitting history and emissions data, and analysis of other relevant information obtained from Rhodia concerning construction and operation of such plants.

13. The City of Hammond concurs with EPA's findings and adopts its allegations against Defendant Rhodia.

## FIRST CLAIM FOR RELIEF
### (PSD Violations)

14. The allegations in Paragraphs 1 through 13, are hereby re-alleged and incorporated by reference as if fully set forth herein.

15. EPA alleges, since their initial construction, one or more of the Plants emit or have had the potential to emit 100 tpy of $SO_2$ and are "major emitting facilities" as that term is

defined in Section 169(1) of the Act, 42 U.S.C. § 7479(1), and "major stationary sources" as that term is defined in the PSD regulations at 40 C.F.R. § 52.21.

16. EPA alleges major modifications to some or all of the Plants resulted in significant net emission increases of $SO_2$ and acid mist as defined by 40 C.F.R. § 52.21(b)(3)(i).

17. EPA alleges some or all of the Plants are subject to the PSD regulations at 40 C.F.R. Part 52.

18. Since the construction of, or major modification(s) to, some or all of the Plants, EPA alleges Rhodia has been in violation of Section 165(a) of the Act, 42 U.S.C. § 7475(a), the PSD regulations set forth in 40 C.F.R. § 52.21, and the corresponding state implementation plans, by undertaking such construction or major modification(s) and operating the Plants without first obtaining a PSD permit as required by 40 C.F.R. §§ 52.21(i)(1) (currently 40 C.F.R§ 52.21(a)(2)(iii)); by failing to install and operate BACT for control of $SO_2$ as required by 40 C.F.R. § 52.21(j); by failing to provide the permitting authorities with all relevant information necessary to perform an analysis of whether any proposed activities will cause or contribute to air pollution and of the ambient air quality in the area as required by 40 C.F.R. § 52.21(k) and (m); and by failing to provide the permitting authorities with all relevant information necessary to perform an analysis of whether any proposed activities constituted a "major modification," in violation of the PSD regulations set forth in 40 C.F.R. § 52.21(n).

19. Unless restrained by an order of this Court, EPA alleges the violations of the Act alleged in this First Claim for Relief will continue.

20. As provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), EPA alleges the violations set forth above subject Rhodia to injunctive relief and civil penalties of up to $25,000 per day for each violation prior to January 30, 1997; up to $27,500 per day for each such

violation between January 30, 1997 and March 15, 2004; and up to $32,500 per day for each such violation occurring after March 15, 2004, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701; see 40 C.F.R. Part 19, 69 Fed. Reg. 7126 (Feb. 13, 2004).

21. The City of Hammond concurs with EPA's findings and adopts its allegations against Defendant Rhodia.

## SECOND CLAIM FOR RELIEF
(Nonattainment New Source Review Violations)

22. The allegations in Paragraphs 1 through 21 are hereby re-alleged and incorporated by reference as if fully set forth herein.

23. EPA alleges, since their initial construction, one or more of the Plants emit or have had the potential to emit 100 tpy of $SO_2$ and are "major emitting facilities" as that term is defined in 42 U.S.C. § 7479(1) of the Act and "major stationary sources" as that term is defined in the PSD regulations at 40 C.F.R. §§ 52.24, 51.165 and Part 51, Appendix S.

24. EPA alleges one or more of the Plants was located in or near a designated nonattainment area (that is now a designated attainment area) and emitted one or more pollutants for which the area was designated nonattainment, and is subject in whole or in part to construction and/or operating permits issued pursuant to an approved permitting program, including emission limitations and other terms and conditions applicable to criteria pollutants such as $SO_2$.

25. EPA alleges, since initial construction of or major modification(s) at one or more plants located in or near designated nonattainment areas, Rhodia has operated such plant or plants so as to generate emissions of one or more pollutants for which the area or areas are

designated nonattainment, and has engaged in construction activities involving changes in such emissions, air quality impacts, or both.

26. EPA alleges, at one or more of the Plants, Rhodia has violated the nonattainment area permitting programs that EPA has approved into the relevant SIPs pursuant to Section 110(a)(2)(C) and (I), 42 U.S.C. § 7410(a)(2)(C) and (I), 40 C.F.R. § 52.24, 40 C.F.R. § 51.165 and Part 51, Appendix S, and the applicable SIP, in one or more of the following ways: by failing to comply with limits, terms and conditions in permits issued pursuant to such programs; by failing to apply for and obtain necessary permits prior to construction; by failing to attain the lowest achieveable emission rate; by failing to represent as necessary in its applications the emission levels or air quality consequences of proposed construction; or by failing to provide sufficient information for full assessment of emission fees.

27. Unless restrained by an order of this Court, EPA alleges the violations of the Act alleged in this Second Claim for Relief will continue.

28. EPA alleges, as provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), the violations set forth above subject Rhodia to injunctive relief and civil penalties of up to $25,000 per day for each violation prior to January 30, 1997; up to $27,500 per day for each such violation between January 30, 1997 and March 15, 2004; and up to $32,500 per day for each such violation occurring after March 15, 2004, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701; see 40 C.F.R. Part 19, 69 Fed. Reg. 7126 (Feb. 13, 2004).

29. The City of Hammond concurs with EPA's findings and adopts its allegations against Defendant Rhodia.

**THIRD CLAIM FOR RELIEF**
**(NSPS Violations)**

30. The allegations in Paragraphs 1 through 29 are hereby re-alleged and incorporated by reference as if fully set forth herein.

31. EPA alleges the Plants are "stationary sources" as that term is defined in Section 111(a)(3) of the Act, 42 U.S.C. § 7411(a)(3) and the implementing regulations at 40 C.F.R. § 60.2.

32. EPA alleges Rhodia is the owner or operator, within the meaning of Section 111(a)(5) of the Act, 42 U.S.C. § 7411(a)(5), and 40 C.F.R. § 60.2, of sulfuric acid production units, within the meaning of 40 C.F.R. § 60.80, located at the Plants.

33. EPA alleges Rhodia commenced construction, modification or reconstruction, as those terms are defined at 40 C.F.R. §§ 60.2, 60.14, and 60.15, respectively, of the sulfuric acid production units at one or more of the Plants after August 17, 1971.

34. EPA alleges each sulfuric acid production unit at the Plants is a "new source" or an "existing facility" as those terms are defined at 42 U.S.C. § 111(a)(2) and (6), 42 U.S.C. § 7411(a)(2) and (6) and 40 C.F.R. § 60.2.  As such, each sulfuric acid production unit at one or more of the Plants is an "affected facility" subject to the NSPS, Subparts A and H, 40 C.F.R. §§ 60.1-60.19 and 60.80-60.85, respectively.

35. EPA alleges Rhodia failed to keep records of and notify EPA of its construction, modification or reconstruction of its affected facilities at one or more of the Plants in violation of 40 C.F.R. § 60.7 and applicable SIP requirements.

36. EPA alleges Rhodia failed to conduct a performance test within 180 days after the construction, modification or reconstruction of its affected facilities at one or more of the Plants and to furnish the EPA a written report of the results, in violation of 40 C.F.R. § 60.8 and applicable SIP requirements.

37.     EPA alleges, since the construction, modification or reconstruction of the affected facilities at one or more of the Plants, Rhodia has operated the sulfuric acid production units in such a manner that the $SO_2$ emission limitation of 2 kg per metric ton of acid produced (4.0 lb per ton) has been exceeded, in violation of 40 C.F.R. § 60.82 and applicable SIP requirements.

38.     EPA alleges, since the construction, modification or reconstruction of the affected facilities at one or more of the Plants, Rhodia has operated the sulfuric acid production unit in such a manner that the acid emission limitation of 0.075 kg per metric ton of acid produced (0.15 lb per ton) has been exceeded, in violation of 40 C.F.R. § 60.83 and applicable SIP requirements.

39.     EPA alleges the sulfuric acid production units at one or more of the Plants are in violation of 40 C.F.R. § 60.13, 40 C.F.R. § 60.84 and applicable SIP requirements in that they are not equipped with a properly installed, calibrated, and maintained continuous emission monitor which meets Performance Specification 2 in 40 C.F.R. Part 60 Appendix B.

40.     Unless restrained by an order of this Court, EPA alleges the violations of the Act alleged in this Third Claim for Relief will continue.

41.     EPA alleges, as provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), the violations set forth above subject Rhodia to injunctive relief and civil penalties of up to $25,000 per day for each violation prior to January 30, 1997; up to $27,500 per day for each such violation between January 30, 1997 and March 15, 2004; and up to $32,500 per day for each such violation occurring after March 15, 2004, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701; see 40 C.F.R. Part 19, 69 Fed. Reg. 7126 (Feb. 13, 2004).

42.     The City of Hammond concurs with EPA's findings and adopts its allegations against Defendant Rhodia.

## FOURTH CLAIM FOR RELIEF
### (Title V Permit Program Violations)

43. The allegations in Paragraphs 1 through 42 are hereby re-alleged and incorporated by reference as if fully set forth herein.

44. EPA alleges, at all times relevant to this complaint, one or more of the Plants were a "major source" within the meaning of Section 501(2) of the Act, 42 U.S.C. § 7661(2), and the implementing regulations at 40 C.F.R. § 70.2.

45. EPA alleges one or more of the Plants are subject to the Title V permitting requirements in 40 C.F.R. Part 70.

46. EPA alleges Rhodia commenced construction or major modifications of one or more of the Plants as defined under the PSD and nonattainment NSR regulations at 40 C.F.R. Part 52.

47. EPA alleges Rhodia commenced construction, modification or reconstruction of one or more of the Plants as defined under the NSPS regulations at 40 C.F.R. Part 60.

48. EPA alleges Rhodia subsequently failed to submit a complete application for Title V operating permits for one or more of the Plants that identified all applicable requirements, that accurately certified compliance with such requirements, and that contained a compliance plan for all applicable requirements for which the source was not in compliance with Sections 502 and 503 of the Act, 42 U.S.C. §§ 7661a and b, and 40 C.F.R. §§ 70.1(b) and 70.5 and applicable SIP requirements.

49. Unless restrained by an order of this Court, EPA alleges the violations of the Act alleged in this Fourth Claim for Relief will continue.

50. EPA alleges, as provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), the violations set forth above subject Rhodia to injunctive relief and civil penalties of up to $25,000

per day for each violation prior to January 30, 1997; up to $27,500 per day for each such violation between January 30, 1997 and March 15, 2004; and up to $32,500 per day for each such violation occurring after March 15, 2004, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701; see 40 C.F.R. Part 19, 69 Fed. Reg. 7126 (Feb. 13, 2004).

51.     The City of Hammond concurs with EPA's findings and adopts its allegations against Defendant Rhodia.

**PRAYER FOR RELIEF**

WHEREFORE, the City of Hammond, respectfully requests that this Court:

1.     Grant its Motion to Intervene in this cause;

2.     Permanently enjoin Rhodia from operating the sulfuric acid production units at the Plants, including the construction of future modifications or reconstructions, except in accordance with the Clean Air Act and any applicable regulatory requirements;

3.     Order Rhodia to remedy its past violations by, among other things, requiring Rhodia to install, as appropriate, the best available control technology, or such other emissions control technology required by law, on the sulfuric acid production units at the Plants for each pollutant subject to regulation under the Clean Air Act;

4.     Order Rhodia to apply for permits that are in conformity with the requirements of the Clean Air Act and SIP requirements;

5.     Order Rhodia to comply with the NSPS provisions of the Act;

6.     Assess civil penalties against Defendant Rhodia for up to the amounts provided in the applicable statutes;

7. Award Plaintiffs' costs in this action; and

8. Grant the City of Hammond such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED,

\s\ Kristina C. Kantar
Kristina C. Kantar, City Attorney
City of Hammond Law Department
5925 Calumet Avenue
Hammond, IN 46320
Atty No. 18022-45
219-853-6381