IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>THE STATE OF INDIANA, THE CITY OF HAMMOND, THE STATE OF LOUISIANA, through THE DEPARTMENT OF ENVIRONMENTAL QUALITY, and THE PEOPLE OF THE STATE OF CALIFORNIA, by and through the, BAY AREA AIR QUALITY MANAGEMENT DISTRICT,<br><br>      Plaintiff-Intervenors,<br><br>  v.<br><br>RHODIA INC.<br><br>      Defendant. | Civil Action No. 2:07CV134WL |

**UNITED STATES' MEMORANDUM IN SUPPORT OF**
**UNOPPOSED MOTION FOR ENTRY OF CONSENT DECREE**

By this motion, Plaintiff, the United States of America, asks the Court to execute and enter as final judgment the Consent Decree the United States lodged with the Court concurrently with filing the Complaint. If entered, the Consent Decree would resolve the claims of the United States and three Plaintiff-Intervenor States and one Plaintiff-Intervenor city (Indiana, Louisiana, California and Hammond, Indiana) alleged in this action against the settling Defendant, Rhodia Inc.

All Parties to this action support entry of the Consent Decree. The Consent Decree is fair, reasonable, adequate, and consistent with the Clean Air Act, 42 U.S.C. § 7401 et seq., the statute under which this action is brought. Therefore, the Court should execute the original Consent Decree that has been lodged with the Court, and direct the Clerk to file the Consent Decree and to enter it as the final judgment in this action.

## FACTUAL BACKGROUND

The United States filed its Complaint in this action on April 26, 2007. At the same time, the United States filed notice of lodging of a proposed Consent Decree, and lodged the proposed Consent Decree with the Court. The Plaintiff-Intervenors filed motions to intervene, which this Court granted, and have filed their Complaints in Intervention.

In accordance with 28 U.S.C. § 50.7, on May 3, 2007, the United States published in the Federal Register a notice that the Consent Decree had been lodged with this Court. 72 Fed. Reg. 24,601. That publication commenced a thirty-day period for submission of public comments on the Consent Decree. On May 21, 2007, pursuant to the requirements of La. R.S. 30:2050.7, Plaintiff-Intervenor the State of Louisiana published in the Capital City Press a notice that

the Consent Decree had been lodged with this Court. That publication commenced a 45-day comment period. The public comment periods have expired. The United States and Louisiana received no comments on the proposed Consent Decree. Because the public comment periods revealed nothing to show that the Consent Decree is inappropriate, improper, or inadequate, the United States now seeks entry of the Consent Decree.

ARGUMENT

I. Standard of Review

This Court should enter the Consent Decree if it is "fair, reasonable, adequate, and consistent with applicable law." United States v. BP Exploration & Oil Co., 167 F.Supp.2d 1045, 1049 (N.D. Ind. 2001); see United States v. Cannons Eng'g Corp., 899 F.2d 79, 84 (1st Cir. 1990). This review is deferential; the Court must bear in mind the statutory and jurisprudential preference for voluntary settlement, particularly regarding environmental consent decrees negotiated by the Department of Justice on behalf of the Environmental Protection Agency. United States v. Akzo Coatings of America, Inc., 949 F.2d 1409 (6th Cir. 1991); Metropolitan Housing Dev't Corp. v. Village of Arlington Heights, 616 F.2d 1006, 1014; United States v. Fort James

3

Operating Co., 313 F. Supp.2d 902, 907 (E.D. Wisc. 2004); BP Exploration, 167 F. Supp.2d at 1050.

II. The Consent Decree is Fair, Reasonable, Adequate, and Consistent with the Clean Air Act

The United States' Complaint and the Plaintiff-Intervenors' Complaints in Intervention allege that the Defendant violated the Clean Air Act in diverse ways at six sulfuric acid plants. See U.S. Complaint ¶¶ 63-100. At the plants, Defendant produces sulfuric acid using the contact process in which elemental sulfur or spent sulfuric acid is burned to form sulfur dioxide ($SO_2$), which is then converted to sulfur trioxide and then finally converted to sulfuric acid. As part of the process, $SO_2$ and acid mist are emitted into the atmosphere. See id. ¶¶ 64-65.

Plaintiffs' principal allegations are that Defendant violated the Clean Air Act's Prevention of Significant Deterioration provisions, 42 U.S.C. §§ 7470-7492, New Source Performance Standards, 42 U.S.C. § 7411, and Title V requirements, 42 U.S.C. §§ 7611-7661f, by modifying major sources of air pollution and causing significant increases in $SO_2$ emissions as defined under the statute, without obtaining requisite permits, installing required "best available control technology" to reduce sulfur dioxide

emissions, meeting emission limits for acid mist, conducting performance tests, and monitoring emissions.  See U.S. Complaint ¶¶ 67-80, 81-92.  To resolve the alleged violations, the Consent Decree requires the Defendant to implement injunctive relief that significantly reduces its $SO_2$ emissions.  Consent Decree § V.  In addition, the Consent Decree requires Defendant to pay a civil penalty.  Id. § IV.

The arms' length negotiation process leading to the Consent Decree was procedurally fair.  All parties were represented by experienced counsel.  In particular, the United States' negotiating team included attorneys from the Department of Justice, all three Environmental Protection Agency regional offices in which plants covered by the settlement are located, Environmental Protection Agency headquarters, representatives from the State and city environmental departments, and attorneys from the State Attorney Generals' offices.  Senior officials in all of those offices approved the settlement.  These are strong indicia that the settlement was fairly reached.  See Cannons, 899 F.2d at 86.

The Consent Decree is substantively fair because its

requirements hold the Defendant fairly accountable for the environmental harm it allegedly caused.  See Cannons, 899 F.2d at 87.  The Consent Decree provides environmental benefit to the public that is reasonable and adequate in light of the alleged violations.  See BP Exploration, 167 F.Supp.2d at 1053-54.  Thus it is consistent with the statutory purposes of the Clean Air Act.  Id.  Review of the Consent Decree's terms demonstrates that the settlement satisfies these criteria.

Most importantly, if entered the proposed Consent Decree would require Defendant to implement injunctive relief that would remedy the alleged violations.  Defendant would be required to reduce emissions of $SO_2$ to meet emission limits.  Consent Decree § V.  In addition, the Consent Decree requires that each plant meet the NSPS requirements, including acid mist limits, performance testing, reporting and monitoring.  Id. ¶ 11.j.-k.36.b; 40 C.F.R. Part 60, Subpart H.  Finally, the Consent Decree requires that Defendant obtain the proper permits for each of the plants.  Id. § VI.

In further service of accountability and deterrence, the Consent Decree would require Defendant to pay a civil

penalty of $2,000,000 for its alleged violations of the Clean Air Act. Of this amount, $1,000,000 would be paid to the United States and $1,000,000 would be divided amongst the State and City Plaintiff-Intervenors. Consent Decree ¶¶ 10.a.-d.

Entry of the Consent Decree will resolve complex claims under the Clean Air Act involving six plants, without what would otherwise be protracted and costly litigation. The pollution reductions to be achieved under the Consent Decree will, at a minimum, be achieved more quickly under the Consent Decree than they could by litigating to judgment claims of violations at all six plants.

## CONCLUSION

For the above reasons, the Court should find that the Consent Decree is fair, reasonable, adequate, and consistent with the Clean Air Act. Accordingly, the Court should grant this motion and approve the Consent Decree. The Court should sign the original Consent Decree and direct the Clerk

to file and enter the Consent Decree upon the docket as final judgment in this action.

>Respectfully Submitted,
>
>RONALD J. TENPAS
>Acting Assistant Attorney General
>Environment and Natural Resources
>    Division
>United States Department of Justice
>
>/s/ Steve C. Gold
>STEVE C. GOLD
>Senior Attorney
>Environmental Enforcement Section
>Environment and Natural Resources
>     Division
>United States Department of Justice
>P.O. Box 7611
>Washington, D.C.  20044
>Phone: (202) 514-5260
>Facsimile: (202) 616-6584
>
>/s/ Cynthia A. King
>CYNTHIA A. KING
>Special Trial Attorney, U.S.
>Department of Justice
>United States Environmental
>Protection Agency
>77 West Jackson Blvd.
>C-14J
>Chicago, IL 60604
>Phone: (312) 886-6831
>Facsimile: (312) 886-0747

JOSEPH S. VAN BOKKELEN
United States Attorney
Northern District of Indiana

/s/ Wayne T. Ault
WAYNE T. AULT
Assistant United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana  46320
Phone: (219) 937-5500
Facsimile: (219) 852-2770

CERTIFICATE OF SERVICE

I certify that on July 17, 2007, I electronically filed the foregoing United States' Memorandum in Support of Unopposed Motion For Entry of Consent Decree with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Steven D. Griffin

Counsel for Plaintiff-Intervenor State of Indiana

G. Allen Kirkpatrick

Counsel for Plaintiff-Intervenor State of Louisiana through the Department of Environmental Quality

Kristina Kantar

Counsel for Plaintiff-Intervenor City of Hammond, Indiana

Eric E. Boyd

Counsel for Defendant Rhodia, Inc.

and I certify that a copy of the foregoing United States' Memorandum in Support of Unopposed Motion For Entry of Consent Decree was served by United States mail, postage prepaid this 17th day of July, 2007 on:

Alexander Crockett
BAY AREA AIR QUALITY MANAGEMENT DISTRICT
939 Ellis Street
San Francisco, CA 94109

Thomas Nyhan
HAMMOND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
Hammond City Hall, Room 304
5925 Calumet Avenue
Hammond, IN 46320

James J. Dragna
Bingham McCutchen LLP
Suite 4400
355 South Grand Avenue
Los Angeles, CA  90071-3106

/s/ Wayne T. Ault
Wayne T. Ault
Assistant United States Attorney

Counsel for Plaintiff United States of America